DLD-213
# UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. No. **23-2248**

In re: DARRELL MCKELVIE, Petitioner

Present: JORDAN, CHUNG, and SCIRICA, <u>Circuit Judges</u>

Submitted are:

(1) A motion to be relieved from the filing requirements of Third Circuit L.A.R. 22.5;

(2) A motion to file an oversize memorandum in support, and

(3) A motion pursuant to 28 U.S.C. § 2244(b)(3) to file a second or successive habeas petition under 28 U.S.C. § 2254

in the above-captioned case.

Respectfully,

Clerk

_____ORDER_____

Petitioner's motions to be relieved from filing additional documents pursuant to Third Circuit Local Appellate Rule 22.5 and to file an oversize application are granted. Petitioner's application pursuant to 28 U.S.C. § 2244(b)(3) for authorization to file a second or successive petition for a writ of habeas corpus under 28 U.S.C. § 2254 is deemed complete as of the date of this order. Petitioner's application for leave to file a second or successive 28 U.S.C. § 2254 petition is granted. The Clerk is directed to transfer Petitioner's application, along with a copy of this order, to the United States District Court for the Eastern District of Pennsylvania. Because Petitioner filed his initial § 2254 petition before the AEDPA was enacted, AEDPA's gatekeeping provisions do not apply if he can show that he would have been entitled to file a second or successive petition under pre-AEDPA standards, such as a showing that his proposed proceeding would not constitute an abuse of the writ. <u>See</u> <u>In re Minarik</u>, 166 F.3d 591, 600, 602 (3d Cir. 1999). We emphasize that our decision here represents only a prima facie determination that Petitioner's proposed § 2254 petition is not an abuse of the writ.

See In re Pendleton, 732 F.3d 280, 282 (3d Cir. 2013) (per curiam) (explaining that a prima facie showing "merely means a sufficient showing of possible merit to warrant a fuller exploration by the district court") (cleaned up); In re Matthews, 934 F.3d 296, 301 (3d Cir. 2019). If the District Court determines that the petition is abusive of the writ, and that Petitioner cannot alternatively satisfy the standards of 28 U.S.C. § 2244(b)(2)(B), the District Court must dismiss Petitioner's § 2254 petition. See 28 U.S.C. § 2244(b)(4).

By the Court,

s/Anthony J. Scirica
Circuit Judge

Dated: September 21, 2023
PDB/cc: All Counsel of Record

A True Copy:

Patricia S. Dodszuweit, Clerk